(22 Misc. Rep. 656.)

ELLIS et al. v. GRANGER et al.

(Supreme Court, Special Term, New York County.   February, 1898.)

WILLS—CONSTRUCTION—DESIGNATION OF BENEFICIARIES.

Testator gave to executors in trust a sum to be divided among nephews and nieces, and to the children of those who should die prior to his death, per stirpes.   He directed the executors to ascertain the number of children and grandchildren of each of the nephews and nieces, including those whose parents had died, and to pay to each of the nephews and nieces living, and to the children of those dead at the time of his death, such proportion of the sum as the children and grandchildren of each should bear to the whole number of such children and grandchildren.   *Held*, that the division of the fund was based on the ratio which each one's descendants should bear to the descendants of all, and that a nephew having no children was not entitled to participate.

Action by Wilbur D. Ellis and others, executors, against Ellen M. Granger and others, for the construction of a will.

Putney & Bishop, for plaintiffs.
Ottenbourg, Jenks & Springs, for defendants.

FREEDMAN, J.   This action is brought for the construction of the eleventh clause of the will of John Ellis.   By that clause the testator gives to his executors the sum of $15,000 in trust, to divide and pay over the same among his nephews and nieces, who are the children of his brothers, Lewis and Richard Ellis, and of his sister, Desiah Belding; the children of such of his said nephews and nieces who might be deceased at the time of his death to take the share which their deceased parent would have had if surviving.   At the same time, and by the same clause, the testator directs the manner of the payment and the distribution of the gift as follows:

"I direct that the said fifteen thousand dollars be divided by my executors, and paid over as follows, to wit:   They are to ascertain how many children and grandchildren each of such nephews and nieces, including the children of the said nephews and nieces who have heretofore died, or may die before I do, have living at the time of my death, and they are to take the aggregate number so arrived at as the unit of division, and to pay over to each of said nephews and nieces living, and the children of those who shall then have died, such proportion of said sum as the number of their respective children and grandchildren living at the time of my death, in each case, shall bear to the said aggregate number of children and grandchildren.   The division above mentioned is to be made among my said nephews and nieces living, and the children of those who shall have died prior to the time of my decease.   I further will and direct that, in case any of the children of said deceased nephews and nieces entitled to a share of this bequest shall be minors at the time of my death, then my said executors shall, and are hereby directed to, pay over the share of such minor, in every case, to his or her parent, if any such parent is living, otherwise to such guardian or other trustee of such minor as may be duly appointed, the parent or guardian in each case to receive such share in trust, with power to apply the income thereof, or the principal, or any part thereof, for the benefit or support of the minor in each case, during minority, as may be wise and necessary.   I direct that the share of each person entitled to take under the above provision who shall be of age at the time of my decease be paid over to such person, and the remainder, if any, of the share of any minor so entitled to take be paid over to him or her upon his or her becoming twenty-one years of age."

One of the nephews—George W. Ellis—interposed an answer admitting the allegations of the complaint, and claiming a share of

the $15,000. But he had neither children nor grandchildren. The following facts stand conceded: (1) There were 11 nephews and nieces, or their representatives, who survived the testator; (2) the combined number of children and grandchildren of 9 of such nephews and nieces was 58 at the time of the testator's death; and (3) there were two of such nephews who had neither children nor grandchildren, to wit, Waite Belding and George W. Ellis.

The question to be determined is whether the two nephews who have neither children nor grandchildren are entitled to a share of the said fund, and, if so, what share. My opinion is, that the said sum of $15,000 is to be divided among (not between) the testator's nephews and nieces referred to and the surviving children of those deceased, so that each nephew and niece and the children of each one deceased get just so many of said fifty-eighth parts of said $15,-000 as he or she has children and grandchildren,—that is, that the division of the said sum among them is based entirely on the ratio which the number of each one's descendants bears to the total of the descendants of all; and that from this it follows, of necessity, that where there are no descendants there shall be no payment of any part of said sum. This seems to me to be the only feasible construction to be put upon the clause in question, when considered as an independent one, and such construction derives additional support when the said clause is considered in connection with all the other provisions of the will, because it then appears that the two nephews who cannot take anything under the said clause are otherwise provided for, namely, George W. Ellis by the seventh clause, and Waite Belding by the twenty-first clause. The bequest under the eleventh clause should, therefore, be distributed in accordance with this opinion.

Ordered accordingly.